**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Rene Martinez, | No. CV-16-0731-TUC-BGM |
|        Petitioner, | |
| v. | **ORDER** |
| Carla Hacker-Agnew, *et al.*, | |
|        Respondents. | |

Currently pending before the Court is Petitioner Raul Rene Martinez's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). Respondents have filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 9), and Petitioner replied (Doc. 12). The Petition is ripe for adjudication.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Initial Charge and Sentencing*

Petitioner was charged with one (1) count of first degree murder and one (1) count of kidnapping. Petition (Doc. 1), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Indictment (Exh. "A") (Doc. 1) at 53.[1] On May 20, 2013, Petitioner pled guilty to one count of second degree murder. *See* Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Minute Entry 5/20/2013 (Exh. "B")

---

[1] Page citations refer to the CM/ECF page number for ease of reference.

(Doc. 10) & Plea Agreement (Exh. "A") (Doc. 10).  On July 29, 2013, Petitioner was sentenced to a presumptive term of imprisonment of sixteen (16) years.  *See id.*, Ariz. Superior Ct., Pima County, Case No. CR20113408-002,  Minute Entry 7/29/2013 (Exh. "C").

### B.  *Post-Conviction Relief Proceeding*

On August 15, 2013, Petitioner filed a Notice of Appeal.[2]  Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Pet.'s Not. of Appeal 8/15/2013 (Exh. "D") (Doc. 10).   On May 8, 2014, counsel for Petitioner filed a Notice of Completion Pursuant to Rule 32 & Motion for Extension of Time for Pro Se Petition; Motion to Withdraw.  *Id.*, Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Pet.'s Not. of Completion & Mot. for Ext. of Time 5/12/2014 (Exh. "E") (Doc. 10). Pursuant to *Montgomery v. Sheldon (I)*,[3] counsel stated that there were no viable issues appropriate for Rule 32 relief.[4]  *See id.*, Exh. "E."

### 1.  *Pro se* **PCR Petition**

On February 18, 2015, Petitioner filed a Pro-Per Petition for Post-Conviction

---

[2] It appears that the state court construed this notice as a Notice of Post-Conviction Relief ("PCR").  On August 21, 2013, the trial court acknowledged receipt of Petitioner's Notice appointed PCR counsel.  *See State v. Raul Rene Martinez*, Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Notice—Notice of Post-Conviction Relief 8/21/2013.  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Arizona state court orders and proceedings are proper material for judicial notice.  *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (taking judicial notice of orders and proceedings before another tribunal).

[3] *Montgomery v. Sheldon (I)*, 181 Ariz. 256, 889 P.2d 614 (1995).

[4] The Arizona Supreme Court has held that in Rule 32 proceedings, where counsel concludes that the proceeding has no merit, "a pleading defendant has a right under Ariz. Const. art. 2 § 24 to file a *pro se* PCR petition."  *Montgomery (I)*, 181 Ariz. at 260, 889 P.2d at 618. Subsequently, the Arizona Supreme Court affirmed this rule and reiterated that

> If, after conscientiously searching the record for error, appointed counsel in a PCR proceeding finds no tenable issue and cannot proceed, the defendant is entitled to file a pro se PCR.

*State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996).

Relief. *See* Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Pet.'s Pro-Per Pet. for PCR 2/18/2015 (Exh. "F") (Doc. 10). Petitioner asserted a single claim for relief alleging ineffective assistance of trial counsel because counsel allegedly "threatened and coersed [sic] Petitioner into signing a plea[.]" Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Pet.'s Pro Per Pet. for PCR (Exh. "F") (Doc. 10). Petitioner "contend[ed] that he 'never wanted' to accept the State's Plea Offer and that he informed Counsel Hippert several times that he wanted to exercise his 6th and 14th Amendment U.S. Constitutional Right to a 'trial by jury' on these charges that he was actually innocent of." *Id.*, Exh. "F" at 42. Petitioner further asserted that "the factual basis set forth to the Honorable Court during this petitioner's 'Change of Plea Hearing' by Counsel Hippert 'are false on it's [sic] face[.]'" *Id.*, Exh. "F" at 43. Petitioner also asserted that counsel "was ineffective for failing to inform petitioner that 'mere presence' at the time the beating occurred did not constitute any of the elements of the charged kidnap and murder offenses[.]" *Id.*, Exh. "F" at 44. On April 8, 2015, the State responded failed to put forth any evidence to support his assertion that "but for the deficient advise, he *would* have actually rejected the plea agreement that he accepted[.]" Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR200113408-002, State's Resp. to Pro Per Pet. for PCR (Exh. "G") (Doc. 10) at 54. Petitioner replied, reiterating the law and facts he deemed supportive of his claims. Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR200113408-002, Pet.'s Rule 32.6(b) "Reply" to State's Resp. (Exh. "H") (Doc. 11).

## **2.  Rule 32 Court Order**

On May 18, 2015, the Rule 32 court issued its order denying the Petition for PCR. Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Ruling/Order—In Chambers Ruling Re: Denial of Post-Conviction Relief 5/18/2015 (Exh. "I") (Doc. 11). The Rule 32 court reiterated the Arizona rule governing effective assistance of counsel during plea negotiations. *Id.*, Exh. "I" at 20 (citing *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (Ariz. Ct. App. 2000)). The Rule 32 court held that "[t]he

Petitioner ha[d] failed to establish that his counsel was ineffective during plea negotiations because he ha[d] not alleged that he received erroneous advice and he ha[d] not made a showing that but for his counsel's deficient performance, he would not have entered the plea agreement." *Id.*, Exh. "I" at 20. The Rule 32 court further noted that "Petitioner's claim that he was coerced to take a plea agreement that he did not fully understand is contradicted by the transcript of the Change of Plea Hearing on May 20, 2013." *Id.*, Exh. "I" at 20. The Rule 32 court found that Petitioner's allegation that counsel stated that Petitioner would "never see his mother again" if he did not enter the plea agreement was deficient performance, but further found Petitioner had "failed to allege specific facts which would allow the Court to meaningfully assess why counsel's deficiency was material to the plea agreement." *Id.*, Exh. "I" at 21. As such the Rule 32 court held that "Petitioner ha[d] failed to establish that his counsel was ineffective during plea negotiations." Answer (Doc. 9), Exh. "I" at 21.

### **3.  PCR Appeal**

On June 24, 2015, Petitioner filed his Petition for Review with the Arizona Court of Appeals. *See* Answer (Doc. 9), Ariz. Ct. App., Case No. 2 CA-CR 2014-0197-PR, Appellant's Pet. for Review (Exh. "J") (Doc. 11). Petitioner sought review of the Rule 32 court's denial of his PCR petition. *See id.*, Exh. "J." Petitioner alleged that the trial court abused its discretion by 1) dismissing Petitioner's PCR Petition despite the alleged insufficiency of the factual basis of his plea; 2) not granting an evidentiary hearing; and 3) failing to take his factual allegations as true. *Id.*, Exh. "J" at 27.

On September 18, 2015, the Arizona Court of Appeals granted review and denied relief. *See* Answer (Doc. 9), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2014-0197-PR, Mem. Decision 9/18/2015 (Exh. "K") (Doc. 11). The appellate court stated:

> We have reviewed the record and the trial court's ruling and are satisfied it correctly rejected Martinez's claim of ineffective assistance of counsel; we therefore adopt that ruling. *See state v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993) (when trial court correctly rules on issues

raised "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision").

Answer (Doc. 9), Exh. "K" at 32. The appellate court found that Petitioner had "done nothing more than attempt to contradict his admissions at the change of plea[,] and [t]his is insufficient to establish a colorable claim that no reasonable jury could have found him guilty – Martinez must do more than contradict what the record plainly shows." *Id.*, Exh. "K" at 32 (citing *State v. Jenkins*, 193 Ariz. 115, ¶ 15, 970 P.2d 947, 952 (Ariz. Ct. App. 1998)). As such, the court of appeals denied relief. *Id.*, Exh. "K" at 32. Petitioner did not file a petition for review in the Arizona Supreme Court.

### C. Second Post-Conviction Relief Proceeding

On September 24, 2015, Petitioner filed a Motion for a Second Rule 32 Post-Conviction Relief Due to Ineffective Assistance of PCR Counsel. Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Pet.'s Mot. for a 2d Rule 32 PCR Due to Ineffective Assistance of PCR Counsel (Exh. "L") (Doc. 11). On the same date, Petitioner filed a second Notice of Post-Conviction Relief. Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Pet.'s Not. of PCR (Exh. "M") (Doc. 11). On October 6, 2015, the Rule 32 court denied relief. Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Ruling—In Chambers Ruling 10/6/2015 (Exh. "N") (Doc. 11). The Rule 32 court noted that "Petitioner fail[ed] to specify how his Rule 32 counsel was ineffective . . . [and therefore,] [wa]s not entitled to relief on that basis." *Id.*, Exh. "N" at 41. The Rule 32 court further found that Petitioner's "claim of actual innocence [wa]s precluded pursuant to Rule 32.2 of the Arizona Rules of Criminal Procedure." *Id.*, Exh. "N" at 41. The Rule 32 court also denied Petitioner's request for counsel. *Id.*, Exh. "N" at 41–42. Petitioner did not file a petition for review in the Arizona Court of Appeals.

### D. The Instant Habeas Proceeding

On November 10, 2016, Petitioner filed his Petition Pursuant to 28 U.S.C. § 2254

for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner asserts four (4) grounds for relief, each with several subparts. *See* Petition (Doc. 1). First, Petitioner alleges that the grand jury failed in "performing their job of investgation [sic] and evidence-taking process violating due process and forth [sic], fifth, sixth and/or fourteenth amendment of the U.S. Constitutions [sic]." *Id.* at 8. Petitioner urges that the grand jury 1) violated his procedural rights when they indicted Petitioner "when all the elements of the crimes were not established for murder or kidnapping charges"; 2) violated "the correctness of that precedent" when they were "prevented . . . from initiating and control[ling] questioning" when Detective Cassel asked them to hold their questions until the end of his testimony; 3) failed to "perform it's [sic] job" by issuing a "blanket indictment" as to Petitioner; 4) failed to adequately question statements by Detective Cassel; 5) failed to investigate by not compelling or subpoenaing witnesses such as Mr. Hernandez's cousin, Berrera; 6) failed to investigate or question which address the assault took place; 7) failed to request "substantial evidence" in the prosecutor's possession; and 8) failed to investigate whether a lineup was conducted and ask whether Petitioner's DNA or fingerprints were on either vehicle or the murder weapon. *Id.* at 8–13. Second, Petitioner asserts that there was prosecutorial misconduct in obtaining the indictment, thereby violating his constitutional rights. *Id.* at 15. Petitioner alleges that the prosecutor committed misconduct by 1) "seek[ing] a blanket indictment of four (4) co-defendants and not tell the grand jury that each defendant must be found with probable cause or reasonable suspicion [of] the elements required to indict each co-defendant"; 2) seeking to indict Petitioner on murder, kidnapping, and assault charges without exculpatory evidence; 3) failing to "correct false, misleading, statements of Det[.] Cassel" when he instructed the grand jury to hold their questioning until he finished his statement; 4) failing "to correct a substantial portion of the complex prewritten story of hearsey [sic] evidence by Det. Cassel"; 5) responding in the negative "to a requested motion for redetermination to dismiss the grand jury indictment after the prosecutor would not . . . and could not produce any substantial evidence that Mr.

Martinez was in any way involved or even present at the time of the murder and/or kidnaping and/or the assault and/or the dumping of the body"; 6) refusing a redetermination based on the lack of DNA, fingerprints, witnesses, or other evidence on the murder weapon or either vehicle; 7) offering Petitioner a choice between fifteen (15) or forty (40) years imprisonment; 8) allowing "a long very complicated and disjointed story from various individuals without stating how these individuals had any knowledge or how they discovered and vague information of who was responsible"; and 9) failing to perform his duty "to protect the individual that was innocent by the preponderance of evidence but allow an innocent man be convicted." *Id.* at 16–20. Third, Petitioner claims "[e]vidence was suppressed by prosecutor and did [sic] not hold evidentiary hearing for Mr. Lopez violating his due process and fourth, fifth, sixth and/or fourteenth amendments." Petition (Doc. 1) at 22. Petitioner alleges that his constitutional rights were violated when 1) the prosecutor failed to present any evidence linking him to the murder or the kidnapping; 2) the court did not hold an evidentiary hearing requiring the prosecutor to present evidence linking Petition to the alleged crimes; 3) the prosecutor "manipulat[ed] and fabricat[ed]" witness statements and did not correct those statements to match the evidence; and 4) the prosecutor pursued a vindictive prosecution. *Id.* at 23–24. Fourth, Petitioner claims that "he was not guilty of crime, did not understand elements of crime and was forced by deceit to accept plea bargain in violation of his Due Process and fourth, fifth, sixth and fourteenth constitutional amendments." *Id.* at 26. Petitioner alleges that 1) his sentencing was invalid because the judge never asked if he understood the elements of the charged crimes; 2) his plea was not knowingly, intelligently, and voluntarily made; 3) he only accepted the plea because it was a fifteen (15) year term of imprisonment rather than forty (40) years if he went to trial; 4) the prosecutor was being prejudicial "when he prefabricated a grand jury testimony, failed to have an evidentary [sic] hearing and failed to produce any evidence at all"; 5) the court violated his rights by failing to issue a *Willits* Instruction to establish the elements of the crimes; 6) the prosecutor "use[d] deceit to manipulate Mr. Martinez into signing a plea

1 agreement"; and 7) the prosecutor used defense counsel to force Petitioner to sign the
2 plea agreement. *Id.* at 27–29.

3 On March 1, 2017, Respondents filed their Answer (Doc. 9), and on March 20,
4 2017, Petitioner replied (Doc. 12).

## II. STANDARD OF REVIEW

### A. *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 2854, 168 L. Ed. 2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)). Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181, 131 S. Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S. Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S. Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S. Ct. at 786–87) (alterations in original).

### B.    *Exhaustion of State Remedies*

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct.

1347, 1349, 158 L. Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S. Ct. at 1203 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S. Ct. 587, 590, 94 L. Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S. Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting

Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).

### C.    *Procedural Default*

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S. Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to

exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S. Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S. Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quotations and citations omitted) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S. Ct. 2661, 2666, 91 L. Ed. 2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial.").

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S. Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1572–73, 71 L. Ed. 2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S. Ct. 2616, 2627, 91 L. Ed. 2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no

reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

## III. STATUTE OF LIMITATIONS

### A. *Timeliness*

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Respondents assert that, pursuant to the AEDPA, Petitioner's one-year limitation period expired, absent tolling, on October 24, 2016.  Answer (Doc. 10) at 5.  Respondents further assert that because Petitioner did not file his habeas petition until November 10, 2016, it was untimely.  *Id.*  The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 4, 128 S. Ct. 2, 3, 169 L. Ed. 2d 329 (2007).  An application for State post-conviction relief is "'properly filed' when its deliver and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000).  Statutory tolling of the limitations period ends "[a]fter the State's highest court has issued its mandate or denied review, [because] no other state avenues for relief remain open."  *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceeding "determined" when the Arizona Supreme Court denied petition for review).

"[I]n Arizona, post-conviction 'proceedings begin with the filing of the Notice.'" *Hemmerle*, 495 F.3d at 1074 (quoting *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)).  Petitioner filed his second-round Notice of Post-Conviction Relief on September 24, 2015, as well as a Motion for a Second Rule 32 Post-Conviction Relief Due to Ineffective Assistance of PCR Counsel.  Answer (Doc. 9), Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Pet.'s Mot. for a 2d Rule 32 PCR Due to Ineffective Assistance of PCR Counsel (Exh. "L") (Doc. 11) & Pet.'s Not. of PCR (Exh.

1   "M") (Doc. 11).  On October 6, 2015, the Rule 32 court denied relief.  Answer (Doc. 9),

2   Ariz. Superior Ct., Pima County, Case No. CR20113408-002, Ruling—In Chambers

3   Ruling 10/6/2015 (Exh. "N") (Doc. 11).  Petitioner had thirty-five (35) days to seek

4   review with the Arizona Court of Appeals.  *See* Ariz. R. Crim. P. 32.9(c)(1); Ariz. R. Civ.

5   P. 6(c).  Thus, November 10, 2015 was the last day for Petitioner to seek review.  The

6   AEDPA statute of limitations expired on November 9, 2016.  As such, Petitioner's

7   Petition (Doc. 1) was filed one (1) day late pursuant to 28 U.S.C. § 2244(d)(1)(A).

8   Despite this, the Court will address Petitioner's claims.

9

10  **IV.    ANALYSIS**

11      ***A.    Ground One: Grand Jury***

12      Petitioner alleges that the grand jury failed in "performing their job of investgation

13  [sic] and evidence-taking process violating due process and forth [sic], fifth, sixth and/or

14  fourteenth amendment of the U.S. Constitutions [sic]."  *See* Petition (Doc. 1) at 8–13.

15      As discussed in Section II.B., *supra*, prior to bringing a claim to federal court, a

16  habeas petitioner must first present all claims to the state court.  *Rose v. Lundy*, 455 U.S.

17  509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982).  The fair presentation

18  requirement  mandates that a state prisoner must alert the state court "to the presence of a

19  federal claim" in his petition.  *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351,

20  158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly

21  presented" because his brief in the state appeals court did not indicate that "he was

22  complaining about a violation of federal law" and the justices having the opportunity to

23  read a lower court decision addressing the federal claims was not fair presentation);

24  *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000)

25  (holding that petitioner failed to exhaust federal due process issue in state court because

26  petitioner presented claim in state court only on state grounds).  Merely labeling a claim

27  "federal" or making a passing reference to the United States Constitution does not

28  constitute "fair presentment."  *See Baldwin v. Reese*, 541 U.S. at 33, 124 S. Ct. at 1351;

*see also Duncan v. Henry*, 513 U.S. 364, 365–66 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  Moreover, Petitioner cannot expect the state court to read beyond the four corners of the petition to meet the fair presentation requirement.  *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds).

Here, Petitioner did not present any claims related to the grand jury proceedings to the state courts.  *See* Answer (Doc. 9), Ariz. Superior Ct., Pima Co., Case No. CR20113408-002, Pet.'s Pro-Per Pet. for PCR 2/18/2015 (Exh. "F") (Doc. 10) & Pet.'s Mot. for a 2d Rule 32 PCR Due to Ineffective Assistance of PCR Counsel (Exh. "L") (Doc. 11).  As such, the claims would now be precluded and meet the technical requirements for exhaustion.  Ariz. R. Crim. P. 32.2(a)(3) (2016); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Therefore, Petitioner's claims are procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and

actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").  Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).  As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted).  Accordingly, Petitioner's claims are denied.

### B. Ground Two: Prosecutorial Misconduct

Petitioner asserts that there was prosecutorial misconduct in obtaining the indictment, thereby violating his constitutional rights.  Petition (Doc. 1) at 15–20.

As discussed in Sections II.B. and IV.A., *supra*, prior to bringing a claim to federal court, a habeas petitioner must first present all claims to the state court.  *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982).  Petitioner did not present any claims related to alleged prosecutorial misconduct to the state courts.  *See* Answer (Doc. 9), Ariz. Superior Ct., Pima Co., Case No. CR20113408-002, Pet.'s Pro-Per Pet. for PCR 2/18/2015 (Exh. "F") (Doc. 10) & Pet.'s Mot. for a 2d Rule 32 PCR Due to Ineffective Assistance of PCR Counsel (Exh. "L") (Doc. 11).  As such, the claims would now be precluded and meet the technical requirements for exhaustion.  Ariz. R.

Crim. P. 32.2(a)(3) (2016); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted). Therefore, Petitioner's claims are denied.

### C. Ground Three: Evidence Suppression

Petitioner claims "[e]vidence was suppressed by prosecutor and did [sic] not hold evidentiary hearing for Mr. Lopez violating his due process and fourth, fifth, sixth and/or

fourteenth amendments." Petition (Doc. 1) at 22–24.

As discussed in Sections II.B. and IV.A., *supra*, prior to bringing a claim to federal court, a habeas petitioner must first present all claims to the state court. *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). Petitioner did not present any claims related to alleged evidence suppression to the state courts. *See* Answer (Doc. 9), Ariz. Superior Ct., Pima Co., Case No. CR20113408-002, Pet.'s Pro-Per Pet. for PCR 2/18/2015 (Exh. "F") (Doc. 10) & Pet.'s Mot. for a 2d Rule 32 PCR Due to Ineffective Assistance of PCR Counsel (Exh. "L") (Doc. 11). As such, the claims would now be precluded and meet the technical requirements for exhaustion. Ariz. R. Crim. P. 32.2(a)(3) (2016); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on

which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted). Accordingly, Petitioner's claims are denied.

### D. Ground Four: Guilty Plea

Petitioner claims that "he was not guilty of crime, did not understand elements of crime and was forced by deceit to accept plea bargain in violation of his Due Process and fourth, fifth, sixth and fourteenth constitutional amendments." Petition (Doc. 1) at 26–29. Respondents construe Petitioner's claim as broadly alleging ineffective assistance of counsel. Answer (Doc. 9) at 11. The Court's review of Petitioner's claims did not reveal an ineffective assistance of counsel claim, rather Petitioner asserts that the prosecutor manipulated defense counsel into forcing Petitioner to plead guilty. *See* Petition (Doc. 1) at 29.

As discussed in Sections II.B. and IV.A., *supra*, prior to bringing a claim to federal court, a habeas petitioner must first present all claims to the state court. *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). Petitioner did not present any claims related to his guilty plea, outside of the context of ineffective assistance of counsel, to the state courts. *See* Answer (Doc. 9), Ariz. Superior Ct., Pima Co., Case No. CR20113408-002, Pet.'s Pro-Per Pet. for PCR 2/18/2015 (Exh. "F") (Doc. 10) & Pet.'s Mot. for a 2d Rule 32 PCR Due to Ineffective Assistance of PCR Counsel (Exh. "L") (Doc. 11). Moreover, to the extent Petitioner presented a claim of actual innocence in his second post-conviction relief proceeding, he only presented it to the Rule 32 court and did not seek appellate review. *See* Answer (Doc. 9), Exh. "L." As such, the claims would now be precluded and meet the technical requirements for exhaustion. Ariz. R. Crim. P. 32.2(a)(3) (2016); *see also Baldwin v. Reese*, 541 U.S. 27,

29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted). Accordingly, Petitioner's claims are denied.

## VI.    CONCLUSION

Based upon the foregoing, the Court finds that Petitioner Raul Rene Martinez's

Petition (Doc. 1) is without merit and shall be denied.

Accordingly, IT IS HEREBY ORDERED that:

1)      Petitioner Raul Rene Martinez's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1) is DENIED;

2)      A certificate of appealability is DENIED, because reasonable jurists would not find the Court's ruling debatable.  See 28 U.S.C. § 2253;

3)      This matter is DISMISSED with prejudice;

4)      The Clerk of Court shall enter judgment and close its file in this matter.

Dated this 23rd day of March, 2020.

Honorable Bruce G. Macdonald
United States Magistrate Judge